608 P.2d 873

**In the Matter of the Joint ESTATES of Herbert W. STICKNEY and Lois Stickney, husband and wife, Deceased.**

**MEDITERRANEAN HOMES, INC., Appellant,**

v.

**J. Sydney CARNES, Administrator, Nathaniel W. Pierce and Audrey V. Pierce, husband and wife, Respondents.**

**No. 12915.**

Supreme Court of Idaho.

March 26, 1980.

---

Terrence R. White of Weeks, Yost, White & Ahrens, Nampa, for appellant.

Frank F. Kibler of Kibler, Hamilton & Clark, Nampa, for respondent Carnes.

Gerald L. Weston of Gigray, Miller, Downen & Weston, Caldwell, for respondent Pierce.

DONALDSON, Chief Justice.

Herbert W. Stickney and Lois Stickney, husband and wife, passed away August 8, 1969 and February 3, 1971, respectively. Their joint estate consisted of certain real property located in Nampa, Idaho, which property was appraised at $75,000 in June 1976. Thereafter another professional appraiser set the value of the property at $36,000. The State of Idaho has an old age assistance lien against the property for its claim of $22,455.

Pursuant to a petition filed under I.C. § 15–3–704, the magistrate authorized the Administrator to advertise the property for sale by sealed bid, reserving the right to refuse all bids. In response to the advertisement, the Administrator received one bid for $22,927 and one for $21,000, both of which he rejected. Thereafter, offers of $35,000 and $39,000 were made. Due to the discrepancy between the various offers made on the property, the $75,000 appraisement and the most recent appraisement of $36,000, the Administrator again petitioned the magistrate for an order determining his course of action. An order was then entered, again authorizing the Administrator to advertise the property for sale, soliciting sealed bids for the purchase thereof. The order required that the advertisement set a deadline for receipt of bids, such deadline to

be not less than twenty-five days from the date of the first publication of the advertisement. The order set forth certain additional requirements not pertinent here.

Pursuant to the order, the Administrator published the advertisement in a local newspaper May 28, 1977 and the deadline for receipt of bids was fixed therein at twenty-five days thereafter. The advertisement set June 29, 1977, at 10:00 a. m. as the time at which the sealed bids would be opened publicly.

Respondents Nathaniel W. Pierce and Audrey V. Pierce duly submitted a bid on the property as follows:

"We wish to bid on the property which is part of the Stickney estate and described in the enclosed advertisement.

If our bid is the only valid bid received on this property, we bid Thirty six thousand, five hundred dollars ($36,500.00).

If one or more persons other than ourselves should bid on this property and such bids are determined to be valid then we bid Fourty [sic] seven thousand, seven hundred dollars ($47,700.00).

Dated this day of June 22, 1977." Signed Audrey V. Pierce, Nathaniel W. Pierce.

On June 28, 1977, nearly one week after the deadline set for receipt of bids, the following bid was submitted by appellant Mediterranean Homes, Inc.:

"We would like to place a bid of $38,300 for the Herbert Stickney and Lois Stickney parcel of land. . . ."

Upon receiving the bids, the Administrator petitioned the magistrate for a ruling as to which, if either, of the bids was valid; which, if either, of the bids should be accepted; and whether a new sale should be conducted. After argument by respective counsel for the Administrator, the Pierces and Mediterranean Homes, the magistrate ruled the Pierce bid invalid as being conditional and the Mediterranean Homes bid

invalid as being untimely submitted, and ordered a new solicitation of bids.

Respondents Pierce appealed the decision of the magistrate to the district court on the grounds that appellant Mediterranean Homes had no standing to object to the form of their bid and that the magistrate had no jurisdiction to order the Administrator to conduct a new sale. Appellant cross-appealed on the grounds that the order of the magistrate was not an appealable order; that the magistrate erred in finding its bid invalid; and that the magistrate erred in not awarding the sale to it. The Administrator did not appeal the order, but filed a brief in the district court.

The district court reversed the decision and order of the magistrate and authorized the Administrator to accept the Pierce bid in the amount of $47,700 or to proceed in such other manner as the Administrator deemed best under the provisions of I.C. §§ 15-3-704, 15-3-715(6).

Appellant Mediterranean Homes, Inc. now appeals the decision of the district court. We reverse.

The threshold issue in this case is whether respondents Pierce, appellants below, or appellant Mediterranean Homes, .cross-appellant below, or either of them, had standing to attack the magistrate's ruling and order in the district court. We hold neither the Pierces nor Mediterranean Homes had such standing.

Respondents Pierce contend they were "successful bidders" at a "judicial sale" and thereby became parties to proceedings affecting the alleged sale. The argument is defective in two respects. First, however the procedure may have been characterized prior to the enactment in Idaho of the Uniform Probate Code, the Administrator's solicitation and receipt of bids in this case did not constitute a judicial sale.[1] A judicial sale is one which requires

1. Although these proceedings were begun prior to the effective date of the Idaho Uniform Probate Code, S.L.1971, ch. 111, § 28, as amended by S.L.1971, ch. 126, § 2, and as amended by S.L.1972, ch. 201, § 26, provided:

"(a) This code shall be in full force and effect on and after July 1, 1972.

"(b) Except as provided elsewhere in this code, on the effective date of this code:

for its completion and validity the confirmation of the ordering court. *Continental Oil Co. v. McNair Realty Co.*, 137 Mont. 410, 353 P.2d 100 (1960). While I.C. § 15–702 (repealed S.L.1971, ch. 111, § 5) required judicial confirmation of all sales undertaken in the administration of decedents' estates, such is no longer the case. Idaho Code § 15–3–711 provides:

"Until termination of his appointment a personal representative has the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate. *This power may be exercised without notice, hearing, or order of the court.*" (emphasis added)

Idaho Code § 15–3–703(b) provides:

"A personal representative shall not be surcharged for acts of administration or distribution if the conduct in question was authorized at the time.
   .   .   ."

Idaho Code § 15–3–704 provides:

"A personal representative shall proceed expeditiously with the settlement and distribution of a decedent's estate and   .   .   .   do so without adjudication, order, or direction of the court, but he may invoke the jurisdiction of the court, in proceedings authorized by this code, *to resolve questions* concerning the estate or its administration." (emphasis added)

The Administrator in this case, deeming himself "in a somewhat precarious position" due to the disparity between the several appraisements and offers, petitioned the magistrate under I.C. § 15–3–704 for a resolution of the question how best to dispose of the property. An order by the magistrate would then cloak the Administrator with the protection of I.C. § 15–3–703(b) against surcharge for acts authorized by the order.

The magistrate's resolution of the question was that disposition of the property could best be effected by another solicitation of sealed bids, and ordered the Administrator to do so. The order did *not*, however, require confirmation by the court for completion of the sale. The contemplated disposition, then, was not a judicial sale by the court through the Administrator as agent for the court, but rather the solicitation of bids *and acceptance of a bid by the Administrator* who has the same power over title as an absolute owner pursuant to I.C. § 15–3–711.

■ The second flaw in respondents' argument is the assertion that they were "successful" bidders. Had the Administrator chosen to accept the bid of respondents, he was fully empowered to do so by I.C. § 15–3–711. Instead, he again elected to invoke the court's jurisdiction under I.C. § 15–3–704 to resolve the question whether, in the best interests of the estate, one of the bids should be accepted or new bids solicited. Although the Administrator expressed, in his petition, his desire to accept the Pierce bid, he essentially waived his power to do so by petitioning the court for an order therefor. The magistrate, in his discretion, declined to accept either bid and instead ordered the solicitation of new bids. The bids of appellant Mediterranean Homes and respondents Pierce never having been accepted, neither appellant nor the Pierces had standing to contest the magistrate's ruling and order in the district court.[2] The

"(2) the code applies to any proceedings in court then pending or thereafter commenced regardless of the time of the death of decedent except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedure of this code   .   .   .   ."
Because no provision was made by the court to continue the proceedings under the old procedure, I.C. §§ 15–1–101 et seq. are applicable in this case.

2. In addition, although we do not now decide the question, it is doubtful whether the order was properly appealable in any event. I.C. § 17–201 provides for appeal from an order of the magistrate's division in probate matters. ".   .   .   5. Against or in favor of directing the   .   .   .   sale or conveyance of real property." Here, the administrator's petition sought a determination as to which bid, if either, was valid; which bid, if either, should be accepted; and whether the process should be conducted anew. It did not seek an order di-

district court therefore erred in entertaining the appeal of respondents Pierce and the cross-appeal of appellant Mediterranean Homes.

Our disposition of this issue makes discussion of further contentions of the parties unnecessary.

The decision and order of the district court is reversed and that of the magistrate reinstated.

SHEPARD, McFADDEN and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

I agree with the majority's decision that the district court erred in reversing the magistrate's decision that the administrator should decline to accept the bids submitted and ordering the solicitation of new bids. It is my opinion that the magistrate's order was not appealable.

The Stickney estate was informally probated. Under the Uniform Probate Code, informal probate is an informal method of administering estates without requiring judicial supervision or approval of the acts of the administrator. Although the administrator of an informally probated estate may, under the Uniform Probate Code, invoke the jurisdiction of the court to resolve questions concerning the estate or its administration, I.C. § 15–3–704, the advice of the court to the personal representative of an informally probated estate is not an appealable order. The official comment to I.C. § 15–3–302 states: " 'Informal probate,' it is hoped, will serve to keep the simple will which generates no controversy from becoming involved in truly judicial proceedings." Permitting an appeal to the district court, and then a subsequent appeal to this Court, from advice given to the personal representative in an informal probate proceeding would involve the informal probate in "truly judicial proceedings," a result inconsistent with the simple and expedient proceedings contemplated for an informal probate. The majority correctly notes, by way of footnote, that the magistrate's order was not appealable under I.C. § 17–201 which governs appeals in probate matters.

The Uniform Probate Code contains provisions which allow interested persons to defeat the informal appointment of a personal representative and to initiate either a formal probate proceeding or a supervised administration which are subject to judicial review. Appellant, however, has not sought to convert the informal probate of the Stickney estate to a more formal proceeding. Under these circumstances it is my opinion that the advice given the administrator by the magistrate upon the administrator's request does not constitute an appealable order.

recting the sale or conveyance of the property. The magistrate's order entered thereon was neither against nor in favor of "directing the

. . . sale or conveyance" of the real property, but simply rejected prior *bids* and ordered the solicitation of new ones.